IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PETER AND STELLA EGNOTOVICH, | : | No. 4:CV 05-1818 |
| Plaintiffs | : | Judge Jones |
| v. | : | |
| GREENFIELD TOWNSHIP SEWER AUTHORITY, et. al, | : | |
| Defendants | : | |

ORDER

March 7, 2006

THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:

Pending before the Court is Plaintiffs' Peter and Stella Egnotovich ("Plaintiffs") Motion to Amend Pleadings ("the Motion")(doc. 39) within which the Plaintiffs move this Court to allow them to file an amended complaint in the above-captioned action.

For the following reasons, the Motion (doc. 39) will be granted.

**PROCEDURAL HISTORY:**

Plaintiffs commenced this action by filing a complaint (doc. 1) with this Court on September 8, 2005. The rather abtruse complaint alleges seven causes of action against a litany of named defendants and "John Does 1-150." On January 24, 2006, Plaintiffs filed the Motion (doc. 39) and after being directed by the

Court to do so by our Order (doc. 53) of this Court, Plaintiffs filed a brief in support (doc. 55) of the Motion on February 8, 2006. The Motion is therefore ripe for our review.

**STANDARD OF REVIEW**:

Federal Rule of Civil Procedure 15(a) provides that "leave to amend shall be freely given when justice so requires."[1] Fed.R.Civ.P. 15(a). Our Court of Appeals for the Third Circuit has explained that leave to amend should be granted liberally; only in circumstances in which a "plaintiff's delay in seeking amendment is undue, made in bad faith, prejudicial to the opposing party, or [the amendment] fails to cure the jurisdictional defect," would a denial of leave to amend be properly entered. Alvin v. Suzuki, 227 F.3d 107, 121(3d Cir. 2000)(*quoting* Berkshire Fashions, Inc., M.V. Hauksan II, 954 F.2d 874, 886(3d Cir. 1992)) (additional citations omitted). In addition to the foregoing, leave to amend may be

---

[1]Federal Rule of Civil Procedure 15(a) provides as follows:
> (a) Amendments. A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, the party may so amend it at any time within 20 days after it is served. Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires. A party shall plead in response to an amended pleading within the time remaining for response to the original pleading or within 10 days after service of the amended pleading, whichever period may be the longer, unless the court otherwise orders.

denied if amendment would be futile. Id. (*citing* Smith v. NCAA, 139 F.3d 180, 190(3d Cir. 1998), *rev'd on other grounds*, 525 U.S. 459(1999)). "An amendment is futile if the amended complaint would not survive a motion to dismiss for failure to state a claim upon which relief could be granted." Id. (*citing* Berkshire Fashions, 954 F.2d at 886).

## DISCUSSION:

Plaintiffs seek to add parties and a new cause of action to the instant lawsuit pursuant to Fed. R. Civ. P. 15. Our reading of the amended complaint reveals that the Plaintiffs are seeking to amend to name some of the "John Does" provided for in the caption and add a cause of action for unjust enrichment against the Rusek defendants. We also note that the amended complaint is fashioned in a somewhat more cogent and particularized manner than the original complaint. While the amended complaint is only slightly less abtruse than its predecessor, it does not appear to the Court that it was made in bad faith, nor will it prejudice the opposing parties. Under the circumstances, we are constrained to allow the amendment.

We recognize that numerous motions to dismiss have been filed by various Defendants in this action. In light of the fact that we are granting the Plaintiffs' Motion (doc. 39), these motions to dismiss will be denied without prejudice and the defendants shall be required to plead in response to the amended complaint

within ten (10) days of the entry of this order pursuant to Fed. R. Civ. P. 15(a).

Therefore, for the foregoing reasons, the Motion (doc. 39) will be granted.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1. Plaintiffs' Motion to Amend Pleadings (doc. 39) is GRANTED.

2. The Clerk is directed to file "Verified Amended Complaint and New Matter" (doc. 40) as the Amended Complaint in this action.

3. The following motions are DENIED without prejudice:

    A. Motion to Dismiss of Defendants Greenfield Township, Greenfield Township Sewer Authority, Harry T. Coleman, Bruce Evans, Richard Julia, Paul Fortuner, John Cerra and Walter Casper. (Rec. Doc. 18).

    B. Motion to Dismiss of John Q. Durkin. (Rec. Doc. 26).

    C. Judicial Defendants' Motion to Dismiss. (Rec. Doc. 27)

    D. Motion to Dismiss of Defendants Fraternal Order of Police, Paul Walker, Dorothy Rusek Trotter, Lorraine Rusek, Todd O'Malley, and Gerald Langan. (Rec. Doc. 58).

    E. Motion to Dismiss by Defendant Stan Payne Construction Co. (Rec. Doc. 64).

4. Defendant John Q. Durkin's Motion to Dismiss Plaintiffs' Amended Complaint (doc. 41) is considered a properly filed motion and shall be considered by the Court.

5. The Defendants, other than John Q. Durkin, shall plead a response to the Amended Complaint (doc. 40) within ten (10) days of the entry of this Order.

_____
John E. Jones III
United States District Judge