IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PETER AND STELLA EGNOTOVICH, | : | No. 4:CV 05-1818 |
| Plaintiffs | : | Judge Jones |
| v. | : | |
| GREENFIELD TOWNSHIP SEWER AUTHORITY, et. al, | : | |
| Defendants | : | |

## MEMORANDUM AND ORDER

April 3, 2006

**THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:**

Pending before the Court is a Motion to Dismiss Plaintiffs' Amended Complaint (doc. 77) filed by Defendant Stan Payne Construction Co. ("Defendant Payne") on March 15, 2006.

For the following reasons, the Motion (doc. 77) will be granted.

**PROCEDURAL HISTORY:**

This *pro se* action was filed in this Court by Plaintiffs Peter and Stella Egnotovich ("Plaintiffs") on September 8, 2005. (Rec. Doc. 1). Thereafter, on March 7, 2006, we granted Plaintiffs leave to amend their complaint. (Rec. Doc. 69). The instant Motion was filed by the Defendant Payne on March 15, 2006. (Rec. Doc 77). The Motion has been fully briefed and is therefore ripe for review.

## FACTUAL BACKGROUND:

The Plaintiffs' *pro se* complaint is lengthy, and depicts a story covering events over the last thirty years. The essence of the complaint seems to be that a massive conspiracy was formed by the fifty-five defendants against the Plaintiffs. Due to the sheer volume of factual allegations specified in the complaint, we shall reiterate here only the allegations made with respect to Defendant Payne.

In paragraph 117 of the amended complaint (doc. 40), Plaintiffs allege that Defendant Payne "had a hand in the de facto taking of Plaintiffs [*sic*] property" in alleged violation of an easement. There is no further detail offered with regard to Defendant Payne's alleged role in any wrongful or actionable conduct. Besides the caption, paragraph 117 is the sole reference to Defendant Payne in the amended complaint.

## STANDARD OF REVIEW:

In considering a motion to dismiss pursuant to Fed. R. Civ. Pro. 12(b)(6), a court must accept the veracity of a plaintiff's allegations. See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); see also White v. Napoleon, 897 F.2d 103, 106 (3d Cir. 1990). In Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996), our Court of Appeals for the Third Circuit added that in considering a motion to dismiss based on a failure to state a claim argument, a court should "not inquire whether the plaintiffs will ultimately prevail, only whether they are entitled to offer evidence to support their

claims." Furthermore, "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also District Council 47 v. Bradley, 795 F.2d3 310 (3d Cir. 1986).

## DISCUSSION:

As noted by Defendant Payne in its brief in support of the Motion (doc. 78), the Plaintiffs' amended complaint appears primarily to be a civil rights action purporting to arise under various federal statutes, including the RICO statute, as well as various alleged constitutional claims.

Defendant Payne argues that any civil rights claims against it should be dismissed. A defendant in a civil rights action must have personal involvement in the alleged wrongs. See Rode v. Dellarciprete, 845 F.2d 1195 (3d Cir. 1988). Accordingly, the complaint must set forth the specific time, place, and persons involved in the alleged civil rights violation. See id. at 1207 (citations omitted).

It is quite apparent from a review of the amended complaint (doc. 40) that Plaintiffs have not sufficiently pled a civil rights claim against Defendant Payne. The Plaintiffs allegation regarding Payne is vague, and conclusory at best, and cannot support a civil rights claim against Defendant Payne.

Next, Defendant Payne argues that Plaintiffs' civil RICO claims against it

should also be dismissed. To state a civil RICO claim, a plaintiff must allege: (1) conduct; (2) of an enterprise; (3) through a pattern; (d) of racketeering activity. See Lum v. Bank of America, 361 F. 3d 217, 223 (3d Cir. 2004). A "pattern of racketeering activity" requires "at least two acts" of conduct indictable under various enumerated federal criminal statutes. 18 U.S.C. §1961(1), (5).

Clearly the Plaintiffs' bare assertion that Defendant Payne "had a hand" in the alleged deprivation of Plaintiffs' property is not enough to assert a civil RICO claim against Defendant Payne. The Plaintiffs do not allege any specific conduct necessary to establish a prima facie case against Defendant Payne. Accordingly, Plaintiffs have not stated a civil RICO claim against Defendant Payne.[1]

Therefore, for the foregoing reasons, we will grant Defendant Payne's Motion to Dismiss Plaintiffs' Amended Complaint. (Rec. Doc. 77).

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1. Defendant Payne's Motion to Dismiss Plaintiffs' Amended Complaint (doc. 77) is GRANTED.

---

[1] Also, Defendant Payne asserts that Plaintiffs' civil rights claims and RICO claims against it are time-barred by the applicable statute of limitations. Section 1983 claims are subject to a two year statute of limitations. See Reitz v. County of Bucks, 125 F. 3d 139, 143 (3d Cir. 1997). RICO claims are subject to a four year statute of limitations. See Annulli v. Panikkar, 200 F.3d 189, 195 (3d Cir. 1999). Defendant Payne submits that since it has not been an operating business in Pennsylvania since 1989 that Plaintiffs' claims against it are time-barred. We wholly agree with this assertion by Defendant Payne and note that this provides us with an additional reason to grant the Motion.

_____
John E. Jones III
United States District Judge