IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PETER AND STELLA EGNOTOVICH, | : | No. 4:CV 05-1818 |
| | : | |
| Plaintiffs | : | Judge Jones |
| | : | |
| v. | : | |
| | : | |
| GREENFIELD TOWNSHIP SEWER | : | |
| AUTHORITY, et. al, | : | |
| Defendants | : | |

ORDER

April 3, 2006

**THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:**

Pending before the Court is the Federal Judicial Officer Defendants' Motion to Dismiss ("the Motion")(doc. 70) filed by Defendants the Honorable Thomas I. Vanaskie, James M. Munley, William J. Nealon, Richard P. Conaboy and Edwin M. Kosik (collectively "Judicial Defendants").

For the following reasons, the Motion (doc. 70) will be granted.

**PROCEDURAL HISTORY:**

This *pro se* action was filed in this Court by Plaintiffs Peter and Stella Egnotovich ("Plaintiffs") on September 8, 2005. (Rec. Doc. 1). Thereafter, on March 7, 2006, we granted Plaintiffs leave to amend their complaint. (Rec. Doc. 69). The instant Motion was filed by the Judicial Defendants on March 10, 2006.

(Rec. Doc 70). The Motion has been fully briefed and is therefore ripe for review.

**FACTUAL BACKGROUND:**

The Plaintiffs' *pro se* complaint is lengthy, and depicts a story covering events over the last thirty years. The essence of the complaint seems to be that a massive conspiracy was formed by the fifty-five defendants against the Plaintiffs. Due to the sheer volume of factual allegations specified in the complaint, we shall reiterate here only the allegations made with respect to the Judicial Defendants.

District Judge James Munley is referenced in paragraph 103 of the amended complaint. Plaintiffs state that they were approached by an agent of the Federal Bureau of Investigation who stated that Plaintiff Peter Egnotovich had threatened Judge Munley. In this sole reference to Judge Munley, Plaintiffs make no specific allegation against him.

Chief Judge Thomas I. Vanaskie is referenced in paragraphs 62 through 66 of the amended complaint. Plaintiffs state that Chief Judge Vanaskie presided over a civil case brought by them against Greenfield Township Sewer Authority. Plaintiffs allege that the lawsuit was brought pursuant to the Fair Debt Collections Act, and that Greenfield Township Sewer Authority was attempting to take away Plaintiff Peter Egnotovich's driver's license for non-payment of sewer bills. Plaintiffs submit that this case was dismissed by Judge Vanaskie on the grounds that Greenfield Township Sewer Authority never sent a letter to Plaintiff Peter

Egnotovich threatening to suspend his driving privileges. Plaintiffs allege that Chief Judge Vanaskie violated Plaintiff Peter Egnotovich's Fourteenth Amendment Rights by dismissing the above-referenced action and that Chief Judge Vanaskie was an associate-in-fact of the alleged conspiracy against Plaintiffs.

Senior District Judge William J. Nealon is referenced in paragraphs 44 through 56 of the amended complaint. Plaintiffs allege that Judge Nealon presided over a case brought by Plaintiffs against Chief Gerald Rusek. Plaintiffs allege that Judge Nealon's conduct during the trial violated their Fifth and Fourteenth Amendment rights. Plaintiffs allege, inter alia, that Judge Nealon told the jury that the action should have been tried in state court, not federal court, that Judge Nealon gave contradictory jury instructions and campaigned for Defendant Carlon O'Malley for Pennsylvania state judge.

Senior District Judge Edwin M. Kosik is referenced in paragraph 38(a) of the amended complaint. Plaintiffs allege that Judge Kosik denied the Plaintiffs a change of venue in a case brought by Plaintiffs in the Lackawanna County Court of Common Pleas. Plaintiffs allege that Judge Kosik is an associate-in-fact to the alleged conspiracy against them.

Senior District Judge Richard P. Conaboy is never referenced in the amended complaint, although his name appears in the caption in this action.

## STANDARD OF REVIEW:

In considering a motion to dismiss pursuant to Fed. R. Civ. Pro. 12(b)(6), a court must accept the veracity of a plaintiff's allegations. See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); see also White v. Napoleon, 897 F.2d 103, 106 (3d Cir. 1990). In Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996), our Court of Appeals for the Third Circuit added that in considering a motion to dismiss based on a failure to state a claim argument, a court should "not inquire whether the plaintiffs will ultimately prevail, only whether they are entitled to offer evidence to support their claims." Furthermore, "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also District Council 47 v. Bradley, 795 F.2d4 310 (3d Cir. 1986).

## DISCUSSION:

The Judicial Defendants move this Court to dismiss the amended complaint against them because they are protected by judicial immunity. The well-established doctrine of judicial immunity has been adhered to by the Supreme Court for more than a century. See Bradley v. Fisher, 80 U.S. 335 (1871). Judicial immunity bestows upon judges absolute immunity from suit for acts performed in their judicial capacity. Cleavinger v. Saxner, 474 U.S. 193 (1985).

Judicial immunity shields judges against allegations of malice or corruption and without regard to motive or mistake. See id. Judicial immunity is "essential to protect the integrity of the judicial process" because it allows judges to exercise discretion vigorously and effectively, without fear that they will be subjected to vexatious or frivolous litigation. Id. at 200.

Two criteria must be met before a judge may be cloaked in judicial immunity. "First, a judge is not immune from liability for nonjudicial actions, i.e., actions not taken in the judge's judicial capacity." Gallas v. Supreme Court of Pennsylvania, 211 F. 3d 760, 768-769 (3d Cir. 2000)(citations omitted). "Second, a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction." Id.

When considering the first factor, the reviewing court must assess the nature of the act and determine whether it is a function typically performed by a judge and whether the parties dealt with the judge in his judicial capacity. See id. With respect to the second factor, a judge will only be deprived of immunity when he acts in the "clear absence of all jurisdiction." Id. at 796.

It is clear from a reading of the relevant paragraphs of the amended complaint that the allegations directed against Judge Nealon, Judge Kosik and Chief Judge Vanaskie relate specifically to the performance of their judicial duties. Plaintiffs allegations against these three judges relate to rulings and decisions

rendered against the Plaintiffs. Moreover, no claim can be made that any of the Judicial Defendants acted in clear absence of all jurisdiction. Accordingly, Judge Nealon, Judge Kosik and Chief Judge Vanaskie are protected from suit by judicial immunity and the amended complaint will be dismissed as against them.

As aforementioned in the recitation of the factual allegations of the amended complaint, the Plaintiffs directed no allegations against Judge Conaboy or Judge Munley, and accordingly the amended complaint will also be dismissed as against them.

Therefore, for the foregoing reasons, the Motion (doc. 70) will be granted.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1. The Federal Judicial Officer Defendants' Motion to Dismiss (doc. 70) is GRANTED.

_____
John E. Jones III
United States District Judge