IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PETER AND STELLA EGNOTOVICH, | : | No. 4:CV 05-1818 |
| | : | |
| Plaintiffs | : | Judge Jones |
| | : | |
| v. | : | |
| | : | |
| GREENFIELD TOWNSHIP SEWER | : | |
| AUTHORITY, et. al, | : | |
| Defendants | : | |

**ORDER**

**April 25, 2006**

**THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:**

Pending before the Court is the Judicial Defendants' Motion to Dismiss Amended Complaint ("the Motion")(doc. 82) filed by Defendants the Honorable Patricia Corbet, S. John Cottone, Robert A. Mazzoni, Carmen D. Minora, Carlon M. O'Malley, and Ronald C. Mackay, Lackawanna Court of Common Pleas Court Administrator (collectively "Judicial Defendants") on March 16, 2006.

For the following reasons, the Motion (doc. 82) will be granted.

**PROCEDURAL HISTORY**:

This *pro se* action was filed in this Court by Plaintiffs Peter and Stella Egnotovich ("Plaintiffs") on September 8, 2005. (Rec. Doc. 1). Thereafter, on March 7, 2006, we granted Plaintiffs leave to amend their complaint. (Rec. Doc.

69). The instant Motion was filed by the Judicial Defendants on March 16, 2006. (Rec. Doc 82). The Motion has been fully briefed and is therefore ripe for review.

**FACTUAL BACKGROUND**:

The Plaintiffs' *pro se* complaint is lengthy, and depicts a story covering events over the last thirty years. The essence of the complaint seems to be that a massive conspiracy was formed by the fifty-five defendants against the Plaintiffs. Due to the sheer volume of factual allegations specified in the complaint, we shall reiterate here only the allegations made with respect to the Judicial Defendants.

Plaintiffs' amended complaint sets forth in considerable detail their extreme dissatisfaction with the way in which a state court litigation involving them was conducted, as well as the results of that litigation.   For example, in paragraph 8 of the amended complaint, Plaintiffs allege that" [v]irtually all of the evidence in support of the . . . causes of action are contained in a number of court files in the Lackawanna County courthouse, the Commonwealth Court of Appeals . . .and the Supreme Court of the Commonwealth of Pennsylvania."  (Rec. Doc. 40 at 7). Plaintiff alleges similar allegations throughout the amended complaint. Plaintiffs' allegations as to all of the Judicial Defendants concern details of and Plaintiffs' objections to various aspects of the state court proceedings involving them.

**STANDARD OF REVIEW**:

In considering a motion to dismiss pursuant to Fed. R. Civ. Pro. 12(b)(6), a court must accept the veracity of a plaintiff's allegations.  See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); see also White v. Napoleon, 897 F.2d 103, 106 (3d Cir. 1990).  In Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996), our Court of Appeals for the Third Circuit added that in considering a motion to dismiss based on a failure to state a claim argument, a court should "not inquire whether the plaintiffs will ultimately prevail, only whether they are entitled to offer evidence to support their claims."  Furthermore, "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also District Council 47 v. Bradley, 795 F.2d3 310 (3d Cir. 1986).

**DISCUSSION**:

The Judicial Defendants move this Court to dismiss the amended complaint as against them based on three separate grounds.   We find each ground meritorious and  shall analyze them in turn.

### A. The Eleventh Amendment Bars Plaintiffs' Suit Against the Judicial Defendants

The Judicial Defendants argue that under the Eleventh Amendment this Court does not have jurisdiction over the Court of Common Pleas, or other Judges in

their official capacity. The Eleventh Amendment of the United States Constitution bars suit against a state and its entities regardless of the relief sought. See Alabama v. Pugh, 438 U.S. 781 (1978); see also, Seminole Tribe of Florida v. Florida, 517 U.S. 44 (1996). The Eleventh Amendment also bars suit whenever "the state is the real, substantial party in interest." Edelman v. Jordan, 415 U.S. 651, 663 (1974). Moreover, while state officials can be sued for alleged civil rights violations in their individual capacity, the Eleventh Amendment bars suit against them in their official capacity, essentially because it is a suit against the state itself. Kentucky v. Graham, 473 U.S. 159, 166-168 (1985). The Judicial Defendants argue, and we agree, that a suit in federal court against state officials in their official capacities is barred by the Eleventh Amendment of the United States Constitution because it is a suit against the State. This Court does not have jurisdiction over the Court of Common Pleas because it is part of the state government pursuant to Article V, §1 of the Pennsylvania Constitution.

The Judicial Defendants further argue, and we wholly agree, that the Courts of Common Pleas are not "persons" who can be sued under 42 U.S.C. §1983 because "suits against a state official in his or her official capacity is a suit against the official's office." Will v. Michigan Department of State Police, 491 U.S. 58 (1989). The Third Circuit Court of Appeals has squarely held that state courts and their entities are not "persons" which can be sued under 42 U.S.C. §1983: "All

courts and agencies of the unified judicial system . . . are part of 'Commonwealth government' and thus are state rather than local agencies . . .[W]e hold that they are not persons within section 1983." Callahan v. Philadelphia, 207 F. 3d 668, 672-73 (3d Cir. 2000).

Accordingly, because the Eleventh Amendment bars suit against state officials in their official capacity and because state officials are not "persons" for §1983 purposes, the amended complaint shall be dismissed as against the Judicial Defendants.

### B.   This Court Lacks Jurisdiction to Review Adjudications of a State Court

The Judicial Defendants argue that to the extent Plaintiffs' are challenging state court adjudications against them, the amended complaint should be dismissed as against the Judicial Defendants because this Court lacks the jurisdiction to review decisions of state courts.

Federal district courts do not have jurisdiction over what are, in essence, appeals from state court adjudications if the claims are "inextricably intertwined" with a state courts' judgment. See Rooker v. Fidelity Trust, 263 U.S. 413, 416 (1923); see also District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 483 n. 16 (1983). Moreover, federal district courts do not have jurisdiction to review state trial court adjudications. See Port Authority, PBA v. Port Authority,

973 F.2d 169, 176-177 (3d Cir. 1992)(no federal court jurisdiction to review state trial court decision).  "Judicial errors committed in state courts are for correction in the state court systems, at the head of which stands the United States Supreme Court; such errors are no business of ours . . ." Id. at 178.

A fair reading of the amended complaint reveals that the Plaintiffs are arguing that the state court adjudications against them were in error or wrongful.  It is clear to us that the Plaintiffs are attempting to challenge, in this court,  state court outcomes with which they disagree.  Therefore, because we lack jurisdiction to review state court adjudications, to the extent that Plaintiffs are challenging state law adjudications before this Court, we cannot entertain such claims and shall dismiss the amended complaint as against the Judicial Defendants.

**C.     Judicial Immunity is a Complete Bar to Plaintiffs' Damages Claim**

The Judicial Defendants move this Court to dismiss the amended complaint against them because they are protected by judicial immunity.  The well-established doctrine of judicial immunity has been adhered to by the Supreme Court for more than a century.  See Bradley v. Fisher, 80 U.S. 335 (1871).  Judicial immunity bestows upon judges absolute immunity from suit for acts performed in their judicial capacity.  Cleavinger v. Saxner, 474 U.S. 193 (1985).  Judicial immunity shields judges against allegations of malice or corruption and without regard to

motive or mistake.  See id.  Judicial immunity is "essential to protect the integrity of the judicial process" because it allows judges to exercise discretion vigorously and effectively, without fear that they will be subjected to vexatious or frivolous litigation. Id. at 200.

Two criteria must be met before a judge may be cloaked in judicial immunity. "First, a judge is not immune from liability for nonjudicial actions, i.e., actions not taken in the judge's judicial capacity."  Gallas v. Supreme Court of Pennsylvania, 211 F. 3d 760, 768-769 (3d Cir. 2000)(citations omitted).  "Second, a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction." Id.

When considering the first factor, the reviewing court must assess the nature of the act and determine whether it is a function typically performed by a judge and whether the parties dealt with the judge in his judicial capacity.  See id.  With respect to the second factor, a judge will only be deprived of immunity when he acts in the "clear absence of all jurisdiction." Id. at 796.

It is clear from a reading of the amended complaint that the allegations directed against the Judicial Defendants relate specifically to the performance of their judicial duties.  Plaintiffs allegations against the Judicial Defendants relate to rulings and decisions rendered against the Plaintiffs.  Moreover, no claim can be made that any of the Judicial Defendants acted in the clear absence of all

jurisdiction.  Accordingly, the amended complaint shall be dismissed as against the Judicial Defendants.

Therefore, for the foregoing reasons, the Motion (doc. 82) will be granted.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1. The Judicial Defendants' Motion to Dismiss Amended Complaint (doc. 82) is GRANTED.

2. The Clerk shall terminate the following Defendants as parties to this action: the Honorable Patricia Corbet, S. John Cottone, Robert A. Mazzoni, Carmen D. Minora, Carlon M. O'Malley and Administrator Ronald C. Mackay.

s/ John E. Jones III
John E. Jones III
United States District Judge