Case 4:05-cv-01818-JEJ   Document 108   Filed 04/25/06   Page 1 of 9

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PETER AND STELLA EGNOTOVICH, | : | No. 4:CV 05-1818 |
| | : | |
| Plaintiffs | : | Judge Jones |
| | : | |
| v. | : | |
| | : | |
| GREENFIELD TOWNSHIP SEWER AUTHORITY, et. al, | : | |
| Defendants | : | |

**ORDER**

**April 25, 2006**

**THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:**

Pending before the Court is the Motion to Dismiss Amended Complaint Against Defendants Fraternal Order of Police, Paul Walker, Dorothy Rusek Trotter, Lorraine Rusek, Todd O'Malley, and Gerald Langan (collectively "the Moving Defendants") ("the Motion")(doc. 86) filed on March 17, 2006.

For the following reasons, the Motion (doc. 86) will be granted.

**PROCEDURAL HISTORY**:

This *pro se* action was filed in this Court by Plaintiffs Peter and Stella Egnotovich ("Plaintiffs") on September 8, 2005. (Rec. Doc. 1). Thereafter, on March 7, 2006, we granted Plaintiffs leave to amend their complaint. (Rec. Doc. 69). The instant Motion was filed by the Moving Defendants on March 17, 2006.

(Rec. Doc 86).  The Motion has been fully briefed and is therefore ripe for review.

**FACTUAL BACKGROUND**:

The Plaintiffs' *pro se* complaint is lengthy, and depicts a story covering events over the last thirty years.  The essence of the complaint seems to be that a massive conspiracy was formed by the fifty-five defendants against the Plaintiffs.  Due to the sheer volume of factual allegations specified in the complaint, we shall reiterate here only the allegations made with respect to the Moving Defendants.

Defendant Gerald Langan ("Langan") is referenced in paragraphs 57 through 62 of the amended complaint.  (Rec. Doc. 40 at 17-18).  Langan served as an arbitrator and ruled against Plaintiffs in a "collection" dispute between the Greenfield Township Sewer Authority and the Plaintiffs.  Plaintiffs vaguely allege that Langan was involved with the Sewer Authority, but offer no specific detail to support this cursory allegation.

Defendant Paul Walker ("Walker") is referenced in paragraphs 56(a) through (c).  (Rec. Doc. 40 at 17).  The Plaintiffs allege that Walker was an attorney with the District Attorney's office while Plaintiffs' state court cases against Gerald and Lorraine Rusek were pending.  They allege that Walker "was the Attorney who handled the matter of not prosecuting Chief Rusek" and "then became a lawyer defending Ruseks in Federal Court."  (Rec. Doc. 40 at 17).  The amended complaint states no further allegations against Walker.

Defendant Fraternal Order of Police ("FOP") is referenced in paragraphs 36 and 37 of the amended complaint. (Rec. Doc. 40 at 13). Plaintiffs allege that the FOP paid legal fees incurred by Greenfield Township Police Chief Gerald Rusek after Plaintiffs charged Chief Rusek with throwing a rock through their front picture window. The complaint states no further allegations against the FOP.

Defendants Lorraine Rusek ("Rusek") and Dorothy Rusek Trotter ("Trotter") are mentioned at various points in the amended complaint. The allegations against Rusek and Trotter primarily stem from events that occurred in the 1970s. During this time period, Plaintiffs and "the Ruseks" were involved in a property dispute over an easement owned by Plaintiffs and running through land owned by "the Ruseks." (Rec. Doc. 40 at 8-9). The amended complaint alleges that Rusek and Trotter "preclud[ed] [Plaintiffs] from the peaceful use of the said easement by causing the Plaintiffs to fear for their safety, cluttering the easement, excavating and placing drain pipes in the easement, and "storing lumber and other obstructions" on the easement. (Rec. Doc. 40 at 9-11). Plaintiffs allege that Trotter threatened to cut off Plaintiffs' water supply. (Rec. Doc. 40 at 10).

The Plaintiffs generally allege that the "Ruseks" "threatened the Plaintiffs with serious bodily harm and death," "discharged a firearm against the Plaintiffs' house" and "put rocks and garbage on the Plaintiffs' real estate." (Rec. Doc. 40 at 10). All of this conduct is alleged to have occurred in "the spring of 1977." (Rec. Doc.

40 at 10).

The amended complaint also contains a few additional allegations that arguably concern Rusek and Trotter.  The Plaintiffs allege that "Chief Rusek had his sister Dorothy Rusek Trotter arrest Plaintiff Peter Egnotovich." (Rec. Doc. 40 at 13).  Also, Plaintiffs allege that sometime in 2005, the Ruseks "stopped the JAFLO tree trimmers from trimming a tree that is hazardous [*sic*] to the line of sight when trying to pull out of rt-of-way [*sic*] traffic . . ." (Rec. Doc. 40 at 27).

Defendant Todd O'Malley is not specifically mentioned in the entire amended complaint.

**STANDARD OF REVIEW**:

In considering a motion to dismiss pursuant to Fed. R. Civ. Pro. 12(b)(6), a court must accept the veracity of a plaintiff's allegations.  See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); see also White v. Napoleon, 897 F.2d 103, 106 (3d Cir. 1990).  In Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996), our Court of Appeals for the Third Circuit added that in considering a motion to dismiss based on a failure to state a claim argument, a court should "not inquire whether the plaintiffs will ultimately prevail, only whether they are entitled to offer evidence to support their claims."  Furthermore, "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S.

41, 45-46 (1957); see also District Council 47 v. Bradley, 795 F.2d5 310 (3d Cir. 1986).

**DISCUSSION**:

Plaintiffs' First through Fourth causes of action assert civil RICO claims against all defendants, based upon the predicate acts of "mail fraud and extortion." (Rec. Doc. 40 at 27-30). Plaintiffs' Fifth through Seventh causes of action assert violations of the First, Fourth and Fourteenth Amendments to the United States Constitution. (Rec. Doc. 40 at 30-31). Plaintiffs' Eighth cause of action seeks to enforce undefined rights under "42 U.S.C. § 1983-86." (Rec. Doc. 40 at 31-32). Finally, Plaintiffs' Ninth cause of action purports to assert a claim under the "Unjust Enrichment Doctrine." (Rec. Doc. 40 at 32).

### A.   Civil RICO Claims (Counts 1 through 4)

The Moving Defendants argue that Plaintiffs' civil RICO claims accruing prior to September 8, 2001 against them should be dismissed because they are time-barred. Civil RICO actions are subject to a four-year statute of limitations period, see Annulli v. Panikkar, 200 F.3d 189, 195 (3d Cir. 1999), which "begins to run when the plaintiff is injured or discovers his injury, regardless of when the racketeering activity that caused the injury is discovered." Burrowes v. Combs, 312 F. Supp. 2d 449, 451 (S.D.N.Y. 2004).

Defendants argue that since Plaintiffs' commenced this action on September 8, 2005, all civil RICO claims accruing prior to September 8, 2001 are time-barred. Defendants correctly submit that virtually all of the conduct attributable to the Moving Defendants arose prior to September 8, 2001, and therefore, is time-barred. The Moving Defendants also correctly submit that the only claim potentially not time-barred is Plaintiffs' claim that, sometime in 2005, the Ruseks prevented a hazardous tree from being trimmed.

Defendants further argue that none of the Moving Defendants' alleged conduct, including the 2005 tree-trimming incident, can serve as a predicate for civil RICO liability. To state a civil RICO claim, a plaintiff must allege: (1) conduct; (2) of an enterprise; (3) through a pattern; (d) of racketeering activity. See Lum v. Bank of America, 361 F. 3d 217, 223 (3d Cir. 2004). A "pattern of racketeering activity" requires "at least two acts" of conduct indictable under various enumerated federal criminal statutes. 18 U.S.C. §1961(1), (5). Where, as here, the civil RICO claim is based on the predicate act of mail fraud, a plaintiff must satisfy the heightened pleading requirement of Federal Rule of Civil Procedure 9(b). See Lum, 361 F.3d at 223-224.

A review of Plaintiffs' amended complaint reveals that it clearly lacks the specific factual allegations sufficient to establish that any Moving Defendants engaged in conduct that satisfies the elements of a civil RICO action. Thus, even if

not time-barred, all civil RICO claims against the Moving Defendants must fail and accordingly Counts One, Two, Three and Four shall be dismissed as against the Moving Defendants.

### B.    Constitutional and §1983 Claims (Counts 5 through 8)

The Moving Defendants argue that Plaintiffs' constitutional claims, brought pursuant to 42 U.S.C. §1983 must be dismissed because they are time-barred. Under §1983, constitutional claims are subject to a two-year statute of limitations period.  See Reitz v. City of Bucks, 125 F.3d 139, 143 (3d Cir. 1997).  The Moving Defendants argue that all claims accruing prior to September 8, 2003 are time-barred and the Plaintiffs' amended complaint fails to allege any specific actionable conduct arising after September 8, 2003.

Further, the Moving Defendants submit that Plaintiffs' tree-trimming allegation fails to state a claim under §1983, which requires "the violation of a right secured by the Constitution and laws of the United States, and [a showing] that the alleged deprivation was committed by a person acting under color of state law." Harvey v. Plains Twp. Police Dept., 421 F.3d 185, 189 (3d Cir. 2005).

We are in clear agreement with the Moving Defendants that any claims brought pursuant to §1983 accruing prior to September 8, 2003 are time-barred. Moreover, the Plaintiffs' cursory allegation regarding the 2005 tree-trimming incident is insufficient to plead a §1983 claim.  The Plaintiffs fail to establish that

any of the Moving Defendants were state actors for §1983 purposes, nor do they establish that they were deprived of any specific constitutional rights.  Accordingly, Counts 5, 6, 7 and 8 shall be dismissed as against the Moving Defendants.

### C.     Unjust Enrichment

The Moving Defendants argue that Plaintiffs' unjust enrichment claim must be dismissed because such claims are governed by a four-year statute of limitations.  See Colonial Assurance v. Merchantile and General Reinsurance Co., Ltd., 130 Fed. Appx. 607, 609 (3d Cir. 2005).  Therefore, the Moving Defendants submit, and we wholly agree, that the only allegation as against them that would not be time-barred is the 2005 tree-trimming incident.

While Plaintiffs' claim of unjust enrichment is clearly time-barred, for the sake of completeness we will briefly touch on the merits of that cause of action. "To establish a cause of action for unjust enrichment, [a plaintiff] must prove (1) benefits conferred on defendant by plaintiff, (2) appreciation of such benefits by defendant, and (3) acceptance and retention of such benefits under such circumstances that it would be inequitable for defendant to retain the benefit without payment of value."  Basketball Marketing Co., v. FX Digital Media, Inc., 2006 U.S. Dist. LEXIS 9688, *22-23 (E.D. Pa. Mar. 10, 2006)(internal citations omitted). Plaintiffs' cursory allegation regarding the tree-trimming incident clearly fails on its face to satisfy any of the above-stated elements.  Accordingly, Count 9 of the

amended complaint shall be dismissed as against the Moving Defendants.

For the foregoing reasons, the Motion (doc. 86) shall be granted.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1. The Motion to Dismiss Amended Complaint Against Defendants Fraternal Order of Police, Paul Walker, Dorothy Rusek Trotter, Lorraine Rusek, Todd O'Malley, and Gerald Langan (doc. 86) is GRANTED.

2. The Clerk shall terminate the following defendants as parties to this action: Fraternal Order of Police, Paul Walker, Dorothy Rusek Trotter, Lorraine Rusek, Todd O'Malley, and Gerald Langan.

s/ John E. Jones III
John E. Jones III
United States District Court