IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PETER AND STELLA EGNOTOVICH, | : | No. 4:CV 05-1818 |
| | : | |
| Plaintiffs | : | Judge Jones |
| | : | |
| v. | : | |
| | : | |
| GREENFIELD TOWNSHIP SEWER AUTHORITY, et. al, | : | |
| Defendants | : | |

**MEMORANDUM AND ORDER**

**May 3, 2006**

**THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:**

Pending before the Court is Defendant John Q. Durkin's Motion to Dismiss Plaintiffs' Amended Complaint ("the Motion") (doc. 41) filed with the Court on January 30, 2006.

For the following reasons, the Motion (doc. 41) will be granted.

**PROCEDURAL HISTORY**:

This *pro se* action was filed in this Court by Plaintiffs Peter and Stella Egnotovich ("Plaintiffs") on September 8, 2005. (Rec. Doc. 1). Thereafter, on March 7, 2006, we granted Plaintiffs leave to amend their complaint. (Rec. Doc.

69). The instant Motion was filed by the Defendant Durkin on January 30, 2006.[1] (Rec. Doc. 41). The Motion has been fully briefed and is therefore ripe for review.

**FACTUAL BACKGROUND**:

The Plaintiffs' *pro se* complaint is lengthy, and depicts a story covering events over the last thirty years. The essence of the complaint seems to be that a massive conspiracy was formed by the fifty-five defendants against the Plaintiffs. Due to the sheer volume of factual allegations specified in the complaint, we shall reiterate here only the allegations made with respect to Defendant Durkin.

Defendant Durkin is referenced in paragraphs 57 and 62 of the amended complaint. (Rec. Doc. 40 at 17). Plaintiffs allege that Defendant Durkin, who arbitrated a matter between Plaintiffs and the Greenfield Township Sewer Authority in September of 1998, "is/was a lawyer with the, [*sic*] O'Malley and Harris Law firm who represented the Greenfield Township Sewer Authority, and never disclosed these facts to the Plaintiffs. Violation of plaintiffs' XIV amendment rights, inter alia [*sic*]" (Rec. Doc. 40 at 17).

**STANDARD OF REVIEW**:

---

[1] Defendant Durkin filed this Motion in response to a copy of the amended complaint that had been filed by the Plaintiffs prior to our granting them leave to file an amended complaint. When we allowed the Plaintiffs' to file an amended complaint, we noted that Defendant Durkin's Motion (doc. 41) would be considered by the Court with respect to the amended complaint and we would not require Defendant Durkin to refile his motion. (Rec. Doc. 69).

In considering a motion to dismiss pursuant to Fed. R. Civ. Pro. 12(b)(6), a court must accept the veracity of a plaintiff's allegations. See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); see also White v. Napoleon, 897 F.2d 103, 106 (3d Cir. 1990). In Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996), our Court of Appeals for the Third Circuit added that in considering a motion to dismiss based on a failure to state a claim argument, a court should "not inquire whether the plaintiffs will ultimately prevail, only whether they are entitled to offer evidence to support their claims." Furthermore, "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also District Council 47 v. Bradley, 795 F.2d3 310 (3d Cir. 1986).

**DISCUSSION**:

Defendant Durkin moves this Court to dismiss the amended complaint as against him based on three separate grounds. We find each ground meritorious and shall analyze them in turn.

**A. The Eleventh Amendment Bars Plaintiffs' Suit Against Defendant Durkin**

Defendant Durkin argues that the Eleventh Amendment acts to bar the

instant suit against him because he was an arbitrator appointed by the Lackawanna County Court administrator and, as such, cannot be sued in his official capacity. The Eleventh Amendment of the United States Constitution bars suit against a state and its entities regardless of the relief sought. See Alabama v. Pugh, 438 U.S. 781 (1978); see also, Seminole Tribe of Florida v. Florida, 517 U.S. 44 (1996). The Eleventh Amendment also bars suit whenever "the state is the real, substantial party in interest." Edelman v. Jordan, 415 U.S. 651, 663 (1974). Moreover, while state officials can be sued for alleged civil rights violations in their individual capacity, the Eleventh Amendment bars suit against them in their official capacity, essentially because it is a suit against the state itself. Kentucky v. Graham, 473 U.S. 159, 166-168 (1985). Defendant Durkin argues, and we agree, that a suit in federal court against an arbitrator in state judicial matter in the arbitrator's official capacity is barred by the Eleventh Amendment of the United States Constitution because it is a suit against the State. This Court does not have jurisdiction over the Court of Common Pleas because it is part of the state government pursuant to Article V, §1 of the Pennsylvania Constitution.

Defendant Durkin further argues, and we wholly agree, that the Courts of Common Pleas are not "persons" who can be sued under 42 U.S.C. §1983 because "suits against a state official in his or her official capacity is a suit against the

official's office." Will v. Michigan Department of State Police, 491 U.S. 58 (1989). The Third Circuit Court of Appeals has squarely held that state courts and their entities are not "persons" which can be sued under 42 U.S.C. §1983: "All courts and agencies of the unified judicial system . . . are part of 'Commonwealth government' and thus are state rather than local agencies . . .[W]e hold that they are not persons within section 1983." Callahan v. Philadelphia, 207 F. 3d 668, 672-73 (3d Cir. 2000).

Accordingly, because the Eleventh Amendment bars suit against state officials in their official capacity and because state officials are not "persons" for §1983 purposes, the amended complaint shall be dismissed as against Defendant Durkin.

**B. This Court Lacks Jurisdiction to Review Adjudications of a State Court**

Defendant Durkin argues that to the extent Plaintiffs' are challenging state court adjudications against them, the amended complaint should be dismissed as against him because this Court lacks the jurisdiction to review decisions of state courts and appointed arbitrators.

Federal district courts do not have jurisdiction over what are, in essence, appeals from state court adjudications if the claims are "inextricably intertwined"

with a state courts' judgment.  See Rooker v. Fidelity Trust, 263 U.S. 413, 416 (1923); see also District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 483 n. 16 (1983).  Moreover, federal district courts do not have jurisdiction to review state trial court adjudications.  See Port Authority, PBA v. Port Authority, 973 F.2d 169, 176-177 (3d Cir. 1992)(no federal court jurisdiction to review state trial court decision).  "Judicial errors committed in state courts are for correction in the state court systems, at the head of which stands the United States Supreme Court; such errors are no business of ours . . ." Id. at 178.

A fair reading of the amended complaint reveals that the Plaintiffs are arguing that the state court adjudications against them were in error or wrongful.  It is clear to us that the Plaintiffs are attempting to challenge, in this court, state court outcomes with which they disagree.  Therefore, because we lack jurisdiction to review state court adjudications, to the extent that Plaintiffs are challenging state law adjudications before this Court, we cannot entertain such claims and shall for this additional reasons dismiss the amended complaint as against Defendant Durkin.

### C.  Judicial Immunity is a Complete Bar to Plaintiffs' Damages Claim

Defendant Durkin moves this Court to dismiss the amended complaint

against him because he is protected by judicial immunity. The well-established doctrine of judicial immunity has been adhered to by the Supreme Court for more than a century. See Bradley v. Fisher, 80 U.S. 335 (1871). Judicial immunity bestows upon judges absolute immunity from suit for acts performed in their judicial capacity. Cleavinger v. Saxner, 474 U.S. 193 (1985). Judicial immunity shields judges against allegations of malice or corruption and without regard to motive or mistake. See id. Judicial immunity is "essential to protect the integrity of the judicial process" because it allows judges to exercise discretion vigorously and effectively, without fear that they will be subjected to vexatious or frivolous litigation. Id. at 200.

Two criteria must be met before a judge may be cloaked in judicial immunity. "First, a judge is not immune from liability for nonjudicial actions, i.e., actions not taken in the judge's judicial capacity." Gallas v. Supreme Court of Pennsylvania, 211 F. 3d 760, 768-769 (3d Cir. 2000)(citations omitted). "Second, a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction." Id.

When considering the first factor, the reviewing court must assess the nature of the act and determine whether it is a function typically performed by a judge and whether the parties dealt with the judge in his judicial capacity. See id.

With respect to the second factor, a judge will only be deprived of immunity when he acts in the "clear absence of all jurisdiction." Id. at 796.

It is clear from a reading of the amended complaint that the allegations directed against Defendant Durkin relate specifically to the performance of his judicial duties as an arbitrator. Plaintiffs' allegations against Defendant Durkin relate to a ruling rendered by him against the Plaintiffs. Moreover, no claim can be made that Defendant Durkin acted in the clear absence of all jurisdiction. Accordingly, for this reason as well the amended complaint shall be dismissed as against Defendant Durkin.

Therefore, for the foregoing reasons, the Motion (doc. 41) will be granted.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1. The Motion to Dismiss Plaintiffs' Amended Complaint of Defendant John Q. Durkin (doc. 41) is GRANTED.

2. The Clerk shall terminate the following Defendant as a party to this action: John Q. Durkin.

John E. Jones III
United States District Judge