IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PETER AND STELLA EGNOTOVICH, | : | No. 4:CV 05-1818 |
| | : | |
| Plaintiffs | : | Judge Jones |
| | : | |
| v. | : | |
| | : | |
| GREENFIELD TOWNSHIP SEWER AUTHORITY, et. al, | : | |
| Defendants | : | |

## MEMORANDUM AND ORDER

May 3, 2006

## THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:

Pending before the Court is the Commonwealth Defendants' Motion to Dismiss the Amended Complaint ("the Motion")(doc. 94) filed on March 21, 2006. The Motion was filed by Defendants Commonwealth of Pennsylvania, Pennsylvania Governor Edward G. Rendell, the Pennsylvania State Police, and Pennsylvania State Trooper Joseph Kosierowski and Trooper Boos (collectively "the Moving Defendants").

For the following reasons, the Motion (doc. 94) will be granted.

## PROCEDURAL HISTORY:

This *pro se* action was filed in this Court by Plaintiffs Peter and Stella

Egnotovich ("Plaintiffs") on September 8, 2005. (Rec. Doc. 1). Thereafter, on March 7, 2006, we granted Plaintiffs leave to amend their complaint. (Rec. Doc. 69). The instant Motion was filed by the Moving Defendants on March 21, 2006. (Rec. Doc. 94). The Motion has been fully briefed and is therefore ripe for review.

## FACTUAL BACKGROUND:

The Plaintiffs' *pro se* complaint is lengthy, and depicts a story covering events over the last thirty years. The essence of the complaint seems to be that a massive conspiracy was formed by the fifty-five defendants against the Plaintiffs reaching from their neighbor's estate to the Governor's office. The amended complaint makes no allegation of specific wrongdoing by any of the Moving Defendants.

## STANDARD OF REVIEW:

In considering a motion to dismiss pursuant to Fed. R. Civ. Pro. 12(b)(6), a court must accept the veracity of a plaintiff's allegations. See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); see also White v. Napoleon, 897 F.2d 103, 106 (3d Cir. 1990). In Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996), our Court of Appeals for the Third Circuit added that in considering a motion to dismiss based on a failure to state a claim argument, a court should "not inquire whether the plaintiffs will ultimately prevail, only whether they are entitled to offer evidence to support their

claims." Furthermore, "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also District Council 47 v. Bradley, 795 F.2d3 310 (3d Cir. 1986).

**DISCUSSION**:

To state a civil RICO claim, a plaintiff must allege: (1) conduct; (2) of an enterprise; (3) through a pattern; (d) of racketeering activity. See Lum v. Bank of America, 361 F. 3d 217, 223 (3d Cir. 2004). A "pattern of racketeering activity" requires "at least two acts" of conduct indictable under various enumerated federal criminal statutes. 18 U.S.C. §1961(1), (5). Where, as here, the civil RICO claim is based on the predicate act of mail fraud, a plaintiff must satisfy the heightened pleading requirement of Federal Rule of Civil Procedure 9(b). See Lum, 361 F.3d at 223-224.

A review of the amended complaint reveals that it clearly lacks the specific factual allegations sufficient to establish that any Moving Defendants engaged in conduct that satisfies the elements of a civil RICO action. Accordingly, Counts 1 through 4 of the amended complaint shall be dismissed as against the Moving Defendants.

The Moving Defendants argue that Plaintiffs §1983 claims against the Commonwealth of Pennsylvania, the Pennsylvania State Police, Governor Edward G. Rendell and Troopers Kosierowski and Boos are barred by the Eleventh Amendment to the United States Constitution.

It is well established that "States are not 'persons' within the meaning of §1983 and, therefore, cannot be among those held liable for violations of the civil rights statute." Blanciak v. Allegheny Ludlum Corp., 77 F.3d 690 (3d Cir. 1995)(citing Will v. Michigan Dept. of State Police, 491 U.S. 58, 66 (1989)). Furthermore, in Will, the United States Supreme Court specifically held that state agencies and officials acting in their official capacity are not "persons" under §1983. Will, 491 U.S. at 70-71.

Accordingly, as state agencies and officials acting in their official capacity do not fall within the definition of "persons" and therefore cannot be sued pursuant to §1983, Plaintiffs fail to state a §1983 claim upon which relief can be granted and Counts 5 through 8 shall be dismissed as against the Moving Defendants.[1]

---

[1] Furthermore, to the extent that Plaintiffs' §1983 claims are against Defendants Governor Rendell, Trooper Boos and Trooper Kosierowski in their individual capacities, Plaintiffs have failed to state a claim upon which relief can be granted because Plaintiffs have not established personal involvement of any of these Defendants. See Rizzo v. Goode, 423 U.S. 362 (1976)(Every defendant against whom a suit is brought must be shown to have been involved in the conduct that is the subject of the complaint). Plaintiffs' allegation against Governor Rendell

Therefore, for the foregoing reasons, the Motion (doc. 94) shall be granted.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1. The Commonwealth Defendants' Motion to Dismiss the Amended Complaint (doc. 94) is GRANTED.

2. The Clerk shall terminate the following defendants as parties to this action: the Commonwealth of Pennsylvania, Pennsylvania Governor Edward G. Rendell, the Pennsylvania State Police, and Pennsylvania State Trooper Joseph Kosierowski and Trooper Boos.

_____
John E. Jones III
United States District Court

---

is that he appointed the Honorable Terrence R. Nealon to the Lackawanna County Court of Common Pleas. (Rec. Doc. 40 at 22). We pause to note that Governor Rendell could not have appointed Judge Nealon, who was in fact appointed by former Governor Thomas J. Ridge, because Governor Rendell began his term of office in 2003 and The Honorable Terrence R. Nealon was appointed to the Lackawanna County Court of Common Pleas in 1998. Plaintiffs' allegation against the Troopers is simply that they made an arrest. (Rec. Doc. 40 at 14). Plaintiffs believe that these alleged acts serve to create a relationship along the order of "associates-in-fact." Because Plaintiffs' complaint fails to evidence the personal involvement of the named actors, even in terms of personal direction or actual knowledge and acquiescence of any wrongdoing that may have occurred, §1983 liability is unavailable against these Defendants in their personal capacity.