IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

PETER AND STELLA EGNOTOVICH,  :     No. 4:CV 05-1818
                              :
              Plaintiffs      :     Judge Jones
                              :
         v.                   :
                              :
GREENFIELD TOWNSHIP SEWER     :
AUTHORITY, et. al,            :
              Defendants      :

## MEMORANDUM AND ORDER

### May 3, 2006

**THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:**

Pending before the Court is a Joint Motion to Dismiss of Defendants,

Greenfield Township, Greenfield Township Sewer Authority, Harry T. Coleman,

Bruce Evans, Richard Julia, Paul Fortuner, John Cerra, Walter Casper, Gerald

Rusek Sr., George Bell Jr., Joseph Slebodnik, Douglas Clark and Kevin O'Hara

(collectively "the Moving Defendants"), filed on March 17, 2006. (Rec. Doc. 84).

For the following reasons, the Motion (doc. 84) will be granted.

**PROCEDURAL HISTORY**:

This *pro se* action was filed in this Court by Plaintiffs Peter and Stella

Egnotovich ("Plaintiffs") on September 8, 2005. (Rec. Doc. 1). Thereafter, on

1

March 7, 2006, we granted Plaintiffs leave to amend their complaint. (Rec. Doc. 69). The instant Motion was filed by the Moving Defendants on March 17, 2006. (Rec. Doc, 84). The Motion has been fully briefed and is therefore ripe for review.

**FACTUAL BACKGROUND**:

The Plaintiffs' *pro se* complaint is lengthy, and depicts a story covering events over the last thirty years. The essence of the complaint seems to be that a massive conspiracy was formed by the fifty-five defendants against the Plaintiffs. Due to the sheer volume of factual allegations specified in the complaint, we shall reiterate here only the allegations made with respect to the Moving Defendants.

Defendant Fortuner is referenced in paragraph 116 of the amended complaint. (Rec. Doc. 40 at 26). As against Fortuner, the Plaintiffs allege he "came onto [Plaintiffs'] property, with the Greenfield Township Police car, and assisted the Ruseks, under color of the law, to excavate the 40' rt-of-way, without Plaintiffs' permission."

Defendant Cerra is referenced in paragraphs 62(a) and (b) of the amended complaint. (Rec. Doc. 40 at 18). Plaintiffs allege that in July of 1990, Defendant Cerra, in his official capacity as the Solicitor for Greenfield Township Sewer Authority, commenced legal action against the Plaintiffs for failing to hook up their sewers to the Township's system. Plaintiffs admit that no action was taken

by the Court. Thereafter, Plaintiffs allege that Defendant Casper, who also served as Sewer Authority Solicitor, challenged Plaintiffs in court for the same ordinance violation previously charged. (Rec. Doc. 40 at 18). The Plaintiffs also allege that the Sewer Authority violated the Double Jeopardy clause.

Defendant Bell, Treasurer of the Greenfield Township Sewer Authority, is referenced in paragraph 59 of the amended complaint (Rec. Doc. 40 at 17). The sole allegation against Defendant Bell is that he signed a complaint in a collection matter against Plaintiffs that was brought in the Court of Common Pleas of Lackawanna County in 1997.

Defendant Slebodnik is referenced in paragraphs 26(b) of the amended complaint. (Rec. Doc. 40 at 11). Plaintiffs allege that Defendant Slebodnik, a Greenfield Township Supervisor, was aware that the Defendant Gerald Rusek and the Rusek family were manufacturing illegal explosives and "did nothing about it." (Rec. Doc. 40 at 11). A reading of the relevant paragraphs indicates that this alleged illegal explosive manufacturing and nonfeasance of Defendant Slebodnik occurred from the Spring of 1977 to the present and moreover, that the illegal manufacturing of explosives issue was litigated in the Court of Common Pleas of Lackawanna County on March 17, 1988. (Rec. Doc. 40 at 11).

Defendant Clark is referenced in paragraph 93 of the amended complaint.

3

(Rec. Doc. 40 at 22).  Plaintiffs baldly assert that Defendant Clark, an attorney, appeared on behalf of the Greenfield Township Sewer Authority and thereby became an associate-in-fact of the alleged conspiracy against the Plaintiffs. Plaintiffs make the same conclusory allegation against Defendant O'Hara in paragraph 122 of the amended complaint.  (Rec. Doc. 40 at 27).

Defendant Julia, former Manager of the Greenfield Township Sewer Authority, is referenced in paragraphs 108, 109 and 113 of the amended complaint.  (Rec. Doc. 40 at 25-26).  Plaintiffs allege that Defendant Julia was questioned by Detective Dubas prior to Plaintiffs' state court trial and that Defendant Julia "never told [Detective Dubas] that he saw Plaintiffs sign easement [*sic*]."  (Rec. Doc. 40 at 26).  Plaintiffs allege that Defendant Julia "perjured himself by stating he saw Egnotovichs [*sic*] sign a second easement in his presence," while testifying before Judge Terrence R. Nealon in the Court of Common Pleas of Lackawanna County. (Rec. Doc. 40 at 25).

Defendant Evans, current Manager of the Greenfield Township Sewer Authority, is referenced in paragraphs 26(a), 42(a), 71, 72, and 73 of the amended complaint.  Plaintiffs allege that Defendant Evans was aware of the Ruseks' illegal explosives manufacturing and did not act on behalf of the Township.  Plaintiffs also allege that on June 25, 1986, Plaintiff Peter Egnotovich was unlawfully

4

arrested at a restaurant owned by Defendant Evans and that Defendant Evans assaulted Plaintiff Peter Egnotovich on that occassion.  Plaintiffs allege that Defendant Evans assaulted Plaintiff Peter Egnotovich under the direction of Chief Rusek on September 27, 1988.  Finally, Plaintiffs allege that Defendant Evans, in his capacity as Greenfield Township Sewer Authority Manager, signed a civil complaint against the Egnotovichs in 2000, and that this somehow involves Defendant Evans in the conspiracy against the Egnotovichs.

The Plaintiffs' assert a litany of allegations against Defendant Rusek. Defendant Rusek was Greenfield Township Police Chief at the relevant times of Plaintiffs' allegations.  Plaintiffs assert that since the Spring of 1977, Defendant Rusek, along with various family members and on various occasions, threatened the Plaintiffs with serious bodily harm and death.  Plaintiffs further allege that the Rusek family discharged a firearm against the Plaintiffs' home and that the Rusek family has strewn rocks and garbage on the Plaintiffs' real estate.  (Rec. Doc. 40 at 10).  Plaintiffs' allege that Defendant Rusek admitted under oath that he and his family manufactured illegal explosives.  (Rec. Doc. 40 at 10).  It is important to note that the majority, if not all, of the allegations against Defendant Rusek relate to events that occurred in the 1970s and 1980s, and that many of these allegations have been litigated in the various prior cases involving the Plaintiffs.

Defendant Coleman is first referenced in paragraphs 63 through 65 of the amended complaint. (Rec. Doc. 40 at 19). Plaintiffs allege that Defendant Coleman, as attorney for the Greenfield Township Sewer Authority, attempted to "take away Plaintiff Peter Egnotovich's drivers [*sic*] license for non-payment of alleged sewer bills." (Rec. Doc. 40 at 19).[1] In 2000, Plaintiffs brought an action against Defendant Coleman and the law firm of Abrahamson, Moran & Conaboy in the United States District Court for the Middle District of Pennsylvania (Docket No. 3:CV-00-1171) which was dismissed by the Honorable Thomas I. Vanaskie, Chief Judge of this Court.   No appeal was ever taken by the Egnotovichs in that case.  It appears that Plaintiffs are attempting to simply  reassert claims against Defendant Coleman and Abrahamson, Moran & Conaboy that were previously decided by Chief Judge Vanaskie in the above-mentioned prior case.

Defendant Coleman and the Defendants Greenfield Township and Greenfield Township Sewer Authority are mentioned at various points in paragraphs 67 through 122 of the amended complaint. (Rec. Doc. 40 at 19-27).

---

[1] Defendant Coleman is also the author of the brief in support of the instant Motion. In his brief, Defendant Coleman informs the Court that at the time of the lawsuit, he was a member of the law firm of Abrahamsen, Moran & Conaboy. He respectfully requests that we dismiss the law firm of Abrahamsen, Moran & Conaboy as a party to this litigation and treat the claims submitted by the Plaintiffs as against the Defendant Coleman only.  Inasmuch as we will find that Plaintiffs have failed to make out claims against any of the Defendants that are the subject of this Order, Defendant Coleman's request is implicitly granted.

The allegations contained in this paragraph relate to litigation that occurred in the Court of Common Pleas of Lackawanna County, concerning the validity of a sewer easement allegedly signed by Plaintiff Peter Egnotovich. That declaratory judgment action was tried before a jury in the courtroom of the Honorable Terrence Nealon and a verdict was entered against the Egnotovichs. It is important to note that Plaintiff Peter Egnotovich admitted to signing the contested easement under oath before the jury at that trial. The Moving Defendants submit that this action is an attempt to relitigate the prior action before Judge Nealon because the Egnotovichs are unhappy with the result in that case.

## STANDARD OF REVIEW:

In considering a motion to dismiss pursuant to Fed. R. Civ. Pro. 12(b)(6), a court must accept the veracity of a plaintiff's allegations. See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); see also White v. Napoleon, 897 F.2d 103, 106 (3d Cir. 1990). In Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996), our Court of Appeals for the Third Circuit added that in considering a motion to dismiss based on a failure to state a claim argument, a court should "not inquire whether the plaintiffs will ultimately prevail, only whether they are entitled to offer evidence to support their claims." Furthermore, "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in

support of his claim which would entitle him to relief." <u>Conley v. Gibson</u>, 355

U.S. 41, 45-46 (1957); <u>see also</u> <u>District Council 47 v. Bradley</u>, 795 F.2d8 310 (3d

Cir. 1986).

**DISCUSSION**:

Plaintiffs' First through Fourth causes of action assert civil RICO claims

against all defendants, based upon the predicate acts of "mail fraud and extortion."

(Rec. Doc. 40 at 27-30). Plaintiffs' Fifth through Seventh causes of action assert

violations of the First, Fourth and Fourteenth Amendments to the United States

Constitution. (Rec. Doc. 40 at 30-31). Plaintiffs' Eighth cause of action seeks to

enforce undefined rights under "42 U.S.C. § 1983-86." (Rec. Doc. 40 at 31-32).

Finally, Plaintiffs' Ninth cause of action purports to assert a claim under the

"Unjust Enrichment Doctrine." (Rec. Doc. 40 at 32).

### A.     Civil RICO Claims (Counts 1 through 4)

The Moving Defendants argue that Plaintiffs' civil RICO claims accruing

prior to September 8, 2001 against them should be dismissed because they are

time-barred. Civil RICO actions are subject to a four-year statute of limitations

period, <u>see</u> <u>Annulli v. Panikkar</u>, 200 F.3d 189, 195 (3d Cir. 1999), which "begins

to run when the plaintiff is injured or discovers his injury, regardless of when the

racketeering activity that caused the injury is discovered." <u>Burrowes v. Combs</u>,

312 F. Supp. 2d 449, 451 (S.D.N.Y. 2004).

Defendants argue that since Plaintiffs' commenced this action on September 8, 2005, all civil RICO claims accruing prior to September 8, 2001 are time-barred. Defendants correctly submit that virtually all of the conduct attributable to the Moving Defendants  arose prior to September 8, 2001, and therefore, is time-barred.

To the extent that any of the alleged conduct occurred after to September 8, 2001, the Plaintiffs have still failed to assert a civil RICO claim.  To state a civil RICO claim, a plaintiff must allege: (1) conduct; (2) of an enterprise; (3) through a pattern; (d) of racketeering activity.  See Lum v. Bank of America, 361 F. 3d 217, 223 (3d Cir. 2004).  A "pattern of racketeering activity" requires "at least two acts" of conduct indictable under various enumerated federal criminal statutes.  18 U.S.C. §1961(1), (5).  Where, as here, the civil RICO claim is based on the predicate act of mail fraud, a plaintiff must satisfy the heightened pleading requirement of Federal Rule of Civil Procedure 9(b).  See Lum, 361 F.3d at 223-224.

A review of Plaintiffs' amended complaint reveals that it clearly lacks the specific factual allegations sufficient to establish that any Moving Defendants engaged in conduct that satisfies the elements of a civil RICO action.  Thus, even

if not time-barred, all civil RICO claims against the Moving Defendants must fail and accordingly Counts One, Two, Three and Four shall be dismissed as against the Moving Defendants.

**B.    Constitutional and §1983 Claims (Counts 5 through 8)**

The Moving Defendants argue that Plaintiffs' constitutional claims, brought pursuant to 42 U.S.C. §1983 must be dismissed because they are time-barred. Under §1983, constitutional claims are subject to a two-year statute of limitations period.  See Reitz v. City of Bucks, 125 F.3d 139, 143 (3d Cir. 1997).  The Moving Defendants argue that all claims accruing prior to September 8, 2003 are time-barred and the Plaintiffs' amended complaint fails to allege any specific actionable conduct arising after September 8, 2003.

Further, all of Plaintiffs' allegations against the Moving Defendants, even if not time-barred, fail to state a claim under §1983, which requires "the violation of a right secured by the Constitution and laws of the United States, and [a showing] that the alleged deprivation was committed by a person acting under color of state law." Harvey v. Plains Twp. Police Dept., 421 F.3d 185, 189 (3d Cir. 2005).  The Plaintiffs fail to establish that any of the Moving Defendants were state actors for §1983 purposes, nor do they establish that they were deprived of any specific constitutional rights.  Accordingly, Counts 5, 6, 7 and 8 shall be dismissed as

10

against the Moving Defendants.

### C.   Unjust Enrichment

The Moving Defendants argue that Plaintiffs' unjust enrichment claim must be dismissed because such claims are governed by a four-year statute of limitations.  See Colonial Assurance v. Merchantile and General Reinsurance Co., Ltd., 130 Fed. Appx. 607, 609 (3d Cir. 2005). While any potential  claim of unjust enrichment is clearly time-barred, for the sake of completeness we will briefly touch on the merits of that cause of action.  "To establish a cause of action for unjust enrichment, [a plaintiff] must prove (1) benefits conferred on defendant by plaintiff, (2) appreciation of such benefits by defendant, and (3) acceptance and retention of such benefits under such circumstances that it would be inequitable for defendant to retain the benefit without payment of value." Basketball Marketing Co., v. FX Digital Media, Inc., 2006 U.S. Dist. LEXIS 9688, *22-23 (E.D. Pa. Mar. 10, 2006)(internal citations omitted).  Plaintiffs' cursory allegations against the Moving Defendants do not meet the threshold pleading requirements for an unjust enrichment claim.

### CONCLUSION:

We shall grant the instant Motion (doc. 84) for the foregoing reasons.  In the main, Plaintiffs' claims are either time-barred or have failed to meet even the most

minimal pleading standards.   However, we will add here that to the extent that the

Plaintiffs are attempting to relitigate unfavorable state or federal court verdicts or

outcomes against them, which of course appears evident from the submissions

filed, this Court is not the proper forum for them to pursue such grievances.

Federal district courts do not have jurisdiction over what are, in essence, appeals

from state court adjudications if the claims are "inextricably intertwined" with a

state courts' judgment.  See Rooker v. Fidelity Trust, 263 U.S. 413, 416 (1923);

see also District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 483 n.

16 (1983).  Moreover, federal district courts do not have jurisdiction to review

state trial court adjudications.  See Port Authority, PBA v. Port Authority, 973

F.2d 169, 176-177 (3d Cir. 1992)(no federal court jurisdiction to review state trial

court decision).  "Judicial errors committed in state courts are for correction in the

state court systems, at the head of which stands the United States Supreme Court;

such errors are no business of ours . . ." Id. at 178.

    A fair reading of the amended complaint reveals that the Plaintiffs are

arguing that the state and federal court adjudications against them were in error or

wrongful.  As noted then, it is clear to us that the Plaintiffs are attempting to

challenge, in this court,  state and federal court outcomes with which they

disagree.  Plaintiffs' recourse was clearly in the Pennsylvania appellate courts,

although we will observe that in the referenced federal action disposed of by Chief Judge Vanaskie, no appeal was ever taken.  The time for Plaintiffs to do so has long since passed.  As with other portions of this rather convoluted action, we today call it what it clearly is, an impermissible attempt to have us pass on claims that have been previously and it appears prudently resolved.  We are powerless to afford such relief.  Accordingly, for the foregoing reasons, the Motion (doc. 84) shall be granted.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1.   The Joint Motion to Dismiss of Defendants, Greenfield Township, Greenfield Township Sewer Authority, Harry T. Coleman, Bruce Evans, Richard Julia, Paul Fortuner, John Cerra, Walter Casper, Gerald Rusek Sr., George Bell Jr., Joseph Slebodnik, Douglas Clark and Kevin O'Hara (doc. 84) is GRANTED.

2.   The Clerk shall terminate the following defendants as parties to this action: Greenfield Township, Greenfield Township Sewer Authority, Harry T. Coleman, Bruce Evans, Richard Julia, Paul Fortuner, John Cerra, Walter Casper, Gerald Rusek Sr., George Bell Jr., Joseph Slebodnik, Douglas Clark, Kevin O'Hara and Abrahamsen, Moran & Conaboy.

13

John E. Jones III
United States District Court