IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PETER AND STELLA EGNOTOVICH, | : | No. 4:CV 05-1818 |
| Plaintiffs | : | Judge Jones |
| v. | : | |
| GREENFIELD TOWNSHIP SEWER AUTHORITY, et. al, | : | |
| Defendants | : | |

## MEMORANDUM AND ORDER

**September 14, 2006**

### THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:

Pending before the Court is a Motion for Sanctions Under Rule 11 (doc. 22) filed by Defendants Greenfield Township, Greenfield Township Sewer Authority, Harry T. Coleman, Bruce Evans, Richard Julia, Paul Fortuner, John Cerra, and Walter Casper (collectively "Defendants") filed on January 6, 2006.[1]

For the following reasons, the Motion (doc. 22) will be granted.

### PROCEDURAL HISTORY/FACTUAL BACKGROUND:

---

[1] Also pending before the Court is Plaintiffs [sic] Motion for Counter Sanctions Against Greenfield Township Sewer Authority, et. al, Pursuant to Rule 11 (doc. 122). A review of Plaintiffs' Motion and supporting brief clearly reveals that Plaintiffs have misapplied of Rule 11, and they have made no showing, besides bald assertions, that the Defendants have violated the certification provisions of the Rule. Plaintiffs' filing is nothing more than a retaliatory gesture, and has no foundation in law or fact. Accordingly, Plaintiffs' Motion (doc. 122) will be denied.

Perpetual *pro se* Plaintiffs Peter and Stella Egnotovich initiated this action by filing a complaint (doc. 1) with this Court against a litany of defendants on September 8, 2005. The instant action is merely the latest chapter in a decades-long saga of litigation between Mr. and Mrs. Egnotovich and various persons and entities, including Defendant Greenfield Township Sewer Authority ("Sewer Authority"). The turmoil began when the Sewer Authority attempted to collect unpaid sewer fees from the Plaintiffs. Subsequently, the Plaintiffs refused to pay the sewer fees and among other things a collection action was commenced against them by the Sewer Authority in the Court of Common Pleas of Lackawanna County. Plaintiffs have maintained that they never signed a sewer easement and continue to dispute the veracity of Plaintiff Peter Egnotovich's signature on a document entitled "Easement and Right-of-Way Agreement" that was executed over twenty years ago.

In response to Plaintiffs' claim that the sewer easement was never signed, the Sewer Authority also filed a declaratory judgment action in the Court of Common Pleas of Lackawanna County against the Plaintiffs to determine the validity of the sewer easement. Lackawanna County Court of Common Pleas Judge Terrence Nealon, who presided over that action, described it as "one of the most acrimonious and labor intensive cases in the recent history of the Court of

Common Pleas of Lackawanna County." (Defense Exhibit 2 at 1). "Forty eight motions/petitions, 52 orders, 3 quashed appeals to the Superior court and Commonwealth Court, and one trial later, a jury in the declaratory judgment action found that the [Egnotoviches] had signed the easement and agreement for the installation of sewer fees." (Defense Exhibit 2 at 2).

To date, the collection matter is still pending in the Commonwealth Court. Attorney Coleman represents to the Court that the parties are awaiting a disposition so that the Sewer Authority may fix both the amount of unpaid sewer fees to date, as well as the amount of attorneys fees incurred in that action to date. Attorney Coleman also represented to the Court that he fully expects that action to be appealed by the Egnotoviches all the way to the Supreme Court of Pennsylvania.

During the pendency of the action before Judge Terrence Nealon, Plaintiff Peter Egnotovich filed an action in the United States District Court for the Middle District of Pennsylvania against the Sewer Authority, Attorney Harry Coleman, and the law firm of Abrahamsen, Moran & Conaboy, which is Attorney Coleman's former law firm. See Egnotovich v. Greenfield Township Sewer Authority, et. al, 3:00-cv-01171. That action, presided over by former Chief Judge Thomas I. Vanaskie, was dismissed on February 16, 2001.

In the instant litigation, the Plaintiffs return to federal court and endeavor to allege a civil RICO action against the *fifty five* Defendants. To date, this Court has dismissed the action as against *thirty eight* defendants, by granting various motions to dismiss. As thoroughly explained in the various Orders rendered by this Court granting the motions to dismiss (docs. 102, 103, 107, 108, 109, 110, and 111), both the complaint and the amended complaint as filed by the Plaintiffs are disjointed, vague, incomprehensible at times, and have clearly failed to establish causes of action against the dismissed Defendants. Moreover, the Plaintiffs have filed multiple motions for reconsideration of our Orders, accompanied by entirely unhelpful and, at times, unintelligible briefs.

## STANDARD OF REVIEW:

Rule 11(b) of the Federal Rules of Civil Procedure provides:

> (b) representations to Court. By presenting to the Court (whether signing, filing, submitting, or later advocating) a pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, -
>
> (1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;
>
> (2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a non-frivolous argument for the extension, modification, or reversal of existing law or the

establishment of new law;

(3) the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery; and

(4) the denials of factual contentions are warranted on the evidence, or, if specifically so identified, are reasonably based on a lack of information or belief.

If, "after notice and a reasonable opportunity to respond," the Court determines that violation has occurred, the Court may "impose an appropriate sanction[.]" Fed. R. Civ. P. 11(c). Sanctions are to be tailored to "what is sufficient to deter repetition of such conduct . . .the sanction may consist of . . . an order directing payment to the movant of some or all of the reasonable attorneys' fees and other expenses incurred as a direct result of the violation." Fed. R. Civ. P. 11(c)(2).

## DISCUSSION:

On August 23, 2006, a hearing was held on the instant Motion before this Court. Attorney Coleman, who is also a named Defendant in the instant action, appeared on the behalf of the moving Defendants and the Plaintiffs appeared *pro se*.

At the hearing, the moving Defendants presented the testimony of

5

Defendant Bruce Evans ("Evans"), who is the Manager of the Sewer Authority and member of its Board of Directors. Evans testified the Sewer Authority's budget for legal fees is approximately $2,000.00 annually. Presently, the balance owed to Attorney Coleman for his representation of the Sewer Authority in this matter totals $5,043.34, (Defense Exhibit 4) which is obviously well in excess of the budget for legal expenses.[2] That Peter and Stella Egnotovich have wreaked unnecessary havoc with the finances and budget of the Sewer Authority as a result of this harassing litigation and the meritless claims they attempted to raise is abundantly clear.

Furthermore, when Plaintiff Peter Egnotovich cross-examined Evans at the hearing, it served to confirm our view that the Plaintiffs are doing nothing more than attempting to use the instant litigation as vehicle to collaterally attack prior judgements rendered against them in other tribunals. We find Plaintiffs' conduct in this regard to be intentional, as it is clear that they are not unskilled as *pro se* litigators. Put another way, they know better. A review of the docket in the instant action reveals that Plaintiffs have demonstrated the ability to engage in legal research and have expended considerable time to draft pleadings and

---

[2] Attorney Coleman also noted that he charges the Sewer Authority $50.00 per hour for his professional services, which the Court recognizes to be a rate far below the market value of Attorney Coleman's professional services.

submissions. Accordingly, there can be no excusing Plaintiffs' willful disregard of the certification provision of Rule 11, and we shall sanction the Plaintiffs appropriately.

The clear focus of the Plaintiffs' multiple suits over the decades has been the Sewer Authority and anyone remotely involved with it. Today, we call this case what it most certainly is: a vexatious, meritless, vendetta-driven attempt to relitigate state claims that were long ago fully considered and disposed of by other courts. There was not even a hint of a federal claim presented to us by Plaintiffs. They had no business bringing this case to our docket, and absent the imposition of sanctions under Rule 11, this misdeed will go unpunished. Accordingly, we find an entirely appropriate sanction under the circumstances to be $5,043.34; the amount of legal fees incurred by the Sewer Authority relative to the instant litigation. Given Plaintiffs' past proclivities, we harbor scant hope that this will dissuade them from continuing with what we perceive to be the legal equivalent of the "Charge of the Light Brigade"; however, perhaps we will give them at least some pause before firing future baseless salvos at innocent third parties.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1. The Motion for Sanctions Under Rule 11 (doc. 22) is GRANTED.

2. Plaintiffs [sic] Motion for Counter Sanctions Against Greenfield

7

Township Sewer Authority, et. al, Pursuant to Rule 11 (doc. 122) is DENIED.

3. Plaintiffs are sanctioned in the amount of $5,034.34, which shall be paid within sixty (60) days to the Greenfield Township Sewer Authority.[3]

4. There is no basis for the issuance of a certificate of appealability.

                                                _____
                                                John E. Jones III
                                                United States District Judge

---

[3] We note that although the Motion was brought by several Defendants, it appears that the Sewer Authority paid for Attorney Coleman's professional services to defend this action on behalf of the other moving Defendants, and accordingly, we shall order the payment be made directly to the Sewer Authority.