IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PETER AND STELLA EGNOTOVICH, | : | No. 4:CV 05-1818 |
| | : | |
| Plaintiffs | : | Judge Jones |
| | : | |
| v. | : | |
| | : | |
| GREENFIELD TOWNSHIP SEWER AUTHORITY, et. al, | : | |
| | : | |
| Defendants | : | |

## MEMORANDUM

### January 5, 2007

**THE BACKGROUND OF THIS MEMORANDUM IS AS FOLLOWS:**

Pending before the Court is Defendant, Estate of Joseph Rusek, construed Motion to Dismiss Plaintiffs' Amended Complaint ("the Motion") (doc. 169) filed with the Court on October 26, 2006.

For the following reasons, the Motion (doc. 169) will be granted and this action dismissed as against the Estate of Joseph Rusek.

**PROCEDURAL HISTORY**:

This *pro se* action was filed in this Court by Plaintiffs Peter and Stella Egnotovich ("Plaintiffs") on September 8, 2005. (Rec. Doc. 1). With respect to the Defendant Estate of Joseph Rusek ("Estate"), the Plaintiffs filed a panoply of motions for default judgment, which were considered and denied by this Court.

1

However, likely due to the confused nature of the Plaintiffs' filings in this matter, the Estate believed a default judgment had been entered against it, and promptly filed a Motion to Vacate Default Judgment. (Rec. Doc. 169). We construed the Estate's Motion to Vacate Default Judgment (doc. 169) as a motion to dismiss by ordered dated November 7, 2006. To date, the Motion has been fully briefed by the parties and is therefore ripe for our review.

**FACTUAL BACKGROUND**:

The Plaintiffs' *pro se* complaint is lengthy, and depicts a story covering events over the last thirty years. The essence of the complaint seems to be that a massive conspiracy was formed by the fifty-five defendants against the Plaintiffs. Due to the sheer volume of factual allegations specified in the complaint, we shall reiterate here only the allegations made with respect to the Defendant Estate.

As it pertains to the Estate, Plaintiffs allege that the Estate owns property over which the Plaintiffs have an easement to allow them access to their property. (Rec. Doc. 40, ¶¶13-14). Aside from this reference, there is no reference in the amended complaint as to why the Estate is listed as a Defendant. There is no allegation that the Estate engaged in any particular conduct that violated the federal laws or constitutional provisions outlined in Plaintiffs' amended complaint.

**STANDARD OF REVIEW**:

In considering a motion to dismiss pursuant to Fed. R. Civ. Pro. 12(b)(6), a court must accept the veracity of a plaintiff's allegations.  See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); see also White v. Napoleon, 897 F.2d 103, 106 (3d Cir. 1990).  In Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996), our Court of Appeals for the Third Circuit added that in considering a motion to dismiss based on a failure to state a claim argument, a court should "not inquire whether the plaintiffs will ultimately prevail, only whether they are entitled to offer evidence to support their claims."  Furthermore, "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also District Council 47 v. Bradley, 795 F.2d3 310 (3d Cir. 1986).

**DISCUSSION**:

The Estate  moves this Court to dismiss the amended complaint in its entirety as against it.  We shall undertake a separate analysis of each claim in the amended complaint.

**A.    Civil RICO Claims (Counts 1 through 4)**

The Estate argues that Plaintiffs' civil RICO claims accruing prior to September 8, 2001 against it should be dismissed because they are time-barred.

Civil RICO actions are subject to a four-year statute of limitations period, see Annulli v. Panikkar, 200 F.3d 189, 195 (3d Cir. 1999), which "begins to run when the plaintiff is injured or discovers his injury, regardless of when the racketeering activity that caused the injury is discovered." Burrowes v. Combs, 312 F. Supp. 2d 449, 451 (S.D.N.Y. 2004). The Estate argues, and we agree, that since Plaintiffs' commenced this action on September 8, 2005, all civil RICO claims accruing prior to September 8, 2001 are time-barred.

To the extent that any of the alleged conduct occurred after September 8, 2001, the Plaintiffs have still failed to assert a civil RICO claim. To state a civil RICO claim, a plaintiff must allege: (1) conduct; (2) of an enterprise; (3) through a pattern; (d) of racketeering activity. See Lum v. Bank of America, 361 F. 3d 217, 223 (3d Cir. 2004). A "pattern of racketeering activity" requires "at least two acts" of conduct indictable under various enumerated federal criminal statutes. 18 U.S.C. §1961(1), (5). Where, as here, the civil RICO claim is based on the predicate act of mail fraud, a plaintiff must satisfy the heightened pleading requirement of Federal Rule of Civil Procedure 9(b). See Lum, 361 F.3d at 223-224.

A review of Plaintiffs' amended complaint reveals that it clearly lacks the specific factual allegations sufficient to establish that the Estate engaged in conduct

that satisfies the elements of a civil RICO action under any circumstances. Sadly for Plaintiffs, this is merely one more attempt by them to relitigate a long-resolved state claim in federal court. It is decidedly not a RICO claim. Thus, even if not time-barred, all civil RICO claims against the Estate must fail and accordingly Counts One, Two, Three and Four shall be dismissed as against the Estate.

**B.     Constitutional and §1983 Claims (Counts 5 through 8)**

The Estate argues that Plaintiffs' constitutional claims, brought pursuant to 42 U.S.C. §1983 must be dismissed because they are time-barred. Under §1983, constitutional claims are subject to a two-year statute of limitations period. See Reitz v. City of Bucks, 125 F.3d 139, 143 (3d Cir. 1997). The Estate argues and we agree that all claims accruing prior to September 8, 2003 are time-barred by the two-year statute of limitations. We further agree that the Plaintiffs' amended complaint fails to allege any specific actionable conduct arising after September 8, 2003.

Further, all of Plaintiffs' allegations against the Estate, even if not time-barred, fail to state a claim under §1983, which requires "the violation of a right secured by the Constitution and laws of the United States, and [a showing] that the alleged deprivation was committed by a person acting under color of state law." Harvey v. Plains Twp. Police Dept., 421 F.3d 185, 189 (3d Cir. 2005). The

Plaintiffs fail to establish that the Estate is a state actors for §1983 purposes, nor do they establish that they were deprived of any specific constitutional rights. In fact, it appears to us that this is the Estate of a private individual who was never a state actor as it involved this dispute. As a result, the constitutional and §1983 claims must fail. Accordingly, Counts 5, 6, 7 and 8 shall be dismissed as against the Estate

### C. Unjust Enrichment

The Estate argues that Plaintiffs' unjust enrichment claim must be dismissed because such claims are governed by a four-year statute of limitations. See Colonial Assurance v. Merchantile and General Reinsurance Co., Ltd., 130 Fed. Appx. 607, 609 (3d Cir. 2005). While any potential claim of unjust enrichment is clearly time-barred because any potentially cognizable conduct occurred decades ago, for the sake of completeness we will briefly touch on the merits of that cause of action. "To establish a cause of action for unjust enrichment, [a plaintiff] must prove (1) benefits conferred on defendant by plaintiff, (2) appreciation of such benefits by defendant, and (3) acceptance and retention of such benefits under such circumstances that it would be inequitable for defendant to retain the benefit without payment of value." Basketball Marketing Co., v. FX Digital Media, Inc., 2006 U.S. Dist. LEXIS 9688, *22-23 (E.D. Pa. Mar. 10, 2006)(internal citations omitted). Plaintiffs' cursory allegations against the Estate do not meet the

threshold pleading requirements for an unjust enrichment claim.

### D. Statute of Limitations Pertaining to Estates

For the sake of completeness, we note that in Pennsylvania, "[t]he death of a person shall not stop the running of the statute of limitations applicable to any claim against him, but a claim which otherwise would be barred within one year after the death of the decedent shall not be barred until the expiration of one year after his death." 20 Pa.C.S.A. §3383. Furthermore, it is mandated by Pennsylvania law that

> "[w]hen any person dies domiciled in the Commonwealth owning property . . . the orphans' court division of the county wherein the decedent was domiciled at the time of his death, upon petition of any party in interest, in its discretion, with or without appraisement, and with such notice as the court shall direct . . . may direct distribution of the property . . . to the parties entitled thereto. The authority of the court to award distribution of personal property under this section shall not be restricted because of the decedent's ownership of real estate, regardless of its value . . . Within one year after such a decree of distribution has been made, any party in interest may file a petition to revoke it because an improper distribution has been ordered . . ."

20 Pa. C.S.A. § 3102.

The Estate represents that Joseph Rusek, the decedent, died April 12, 1976, and a year from that date in accordance with the above-referenced statute was April 12, 1977. As such, with reference to the above-cited Pennsylvania law, Plaintiffs' action against the Estate is time-barred. Further, the final accounting of the Estate

7

was completed and filed October 6, 1978. Thus, in accordance with §3102, the Plaintiffs should have filed a petition to revoke distribution of the above-referenced estate proceeds, if they believed the same was an improper distribution, by October 6, 1979. Plaintiffs filed their cause of action 27 years after the final accounting of Joseph Rusek's Estate was completed and filed. From the Plaintiffs' perspective, even assuming <u>arguendo</u> that they had any valid claims against the Estate, the proverbial ship has sailed over the horizon. There are quite simply no assets in play under any circumstances, and for this overarching reason as well, we will grant the Estate's Motion.

**CONCLUSION**:

For the foregoing reasons, we shall grant the Estate's construed Motion to Dismiss (doc. 169) and direct the Clerk to terminate the Estate of Joseph Rusek as a party to this action. An appropriate Order shall issue.

<u>S/ John E. Jones III</u>
John E. Jones III
United States District Judge