IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PETER AND STELLA EGNOTOVICH, | : | No. 4:CV 05-1818 |
| Plaintiffs | : | Judge Jones |
| v. | : | FILED<br>WILLIAMSPORT, PA |
| GREENFIELD TOWNSHIP SEWER<br>AUTHORITY, et. al, | : | JUN - 5 2007 |
| Defendants | : | MARY E. D'ANDREA, CLERK<br>PER _____<br>DEPUTY CLERK |

# MEMORANDUM AND ORDER

## June 5, 2007

### THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:

Pending before the Court is a Second Motion for Sanctions Under Rule 11 (doc. 190) filed by Defendants Greenfield Township, Greenfield Township Sewer Authority, Harry T. Coleman, Bruce Evans, Richard Julia, Paul Fortuner, John Cerra, and Walter Casper (collectively "Defendants") on June 4, 2007.

### PROCEDURAL HISTORY/FACTUAL BACKGROUND:

Perpetual *pro se* Plaintiffs Peter and Stella Egnotovich initiated this action by filing a complaint (doc. 1) with this Court against a litany of defendants on September 8, 2005. The instant action is merely the latest chapter in a decades-long saga of litigation between Mr. and Mrs. Egnotovich and various persons and

entities, including Defendant Greenfield Township Sewer Authority ("Sewer Authority"). The turmoil began when the Sewer Authority attempted to collect unpaid sewer fees from the Plaintiffs. Subsequently, the Plaintiffs refused to pay the sewer fees and among other things a collection action was commenced against them by the Sewer Authority in the Court of Common Pleas of Lackawanna County. Plaintiffs have maintained that they never signed a sewer easement and continue to dispute the veracity of Plaintiff Peter Egnotovich's signature on a document entitled "Easement and Right-of-Way Agreement" that was executed over twenty years ago.

In response to Plaintiffs' claim that the sewer easement was never signed, the Sewer Authority also filed a declaratory judgment action in the Court of Common Pleas of Lackawanna County against the Plaintiffs to determine the validity of the sewer easement. Lackawanna County Court of Common Pleas Judge Terrence Nealon, who presided over that action, described it as "one of the most acrimonious and labor intensive cases in the recent history of the Court of Common Pleas of Lackawanna County." (Defense Exhibit 2 at 1). "Forty eight motions/petitions, 52 orders, 3 quashed appeals to the Superior court and Commonwealth Court, and one trial later, a jury in the declaratory judgment action found that the [Egnotoviches] had signed the easement and agreement for the

installation of sewer fees." (Defense Exhibit 2 at 2).

During the pendency of the action before Judge Terrence Nealon, Plaintiff Peter Egnotovich filed an action in the United States District Court for the Middle District of Pennsylvania against the Sewer Authority, Attorney Harry Coleman, and the law firm of Abrahamsen, Moran & Conaboy, which is Attorney Coleman's former law firm. See Egnotovich v. Greenfield Township Sewer Authority, et. al, 3:00-cv-01171. That action, presided over by former Chief Judge Thomas I. Vanaskie, was dismissed on February 16, 2001.

In the instant litigation, the Plaintiffs return to federal court and endeavor to allege a civil RICO action against the *fifty five* Defendants. Previously, this Court has dismissed the action as against *thirty nine* defendants, by granting various motions to dismiss. As thoroughly explained in the various Orders rendered by this Court granting the motions to dismiss (docs. 102, 103, 107, 108, 109, 110, and 111), both the complaint and the amended complaint as filed by the Plaintiffs are disjointed, vague, incomprehensible at times, and have clearly failed to establish causes of action against the dismissed Defendants. In a separate Order entered on today's date, we dismissed *eighteen* additional Defendants because the Plaintiffs had not, despite this Court's March 26, 2007 Order, properly served those Defendants.

On September 14, 2006, we issued an Order of sanction in the amount of $5,034.34 to be paid by the Plaintiffs. (Rec. Doc. 141). Despite the fact that we declined to issue a certificate of appealability within the sanctions Order, Plaintiffs nevertheless filed an interlocutory appeal of the Order to the United States Court of Appeals for the Third Circuit on September 21, 2006. (Rec. Doc. 146). Concomitant with the filing of the interlocutory appeal, Plaintiffs filed a motion to stay the sanctions Order with this Court. (Rec. Doc. 147). On September 25, 2006, we denied Plaintiffs' motion for a stay, noting that their appeal was improperly filed, and ordered them to pay the sanctioned amount. (Rec. Doc. 152). On March 19, 2007, the Third Circuit dismissed the Plaintiffs' appeal. (Rec. Doc. 188). To date, Plaintiffs have not complied with our September 14, 2006 sanctions Order.

**DISCUSSION**:

As the procedural history of this case clearly delineates, Plaintiffs have an unfortunate history of failing to comply with Orders issued by this Court. However, in the interests of justice and caution, we shall afford them an additional ten (10) days from the date of this Order to pay the previously ordered sanctions of $5,034.34. We caution Plaintiffs that their failure to comply with this Order may well result in additional sanctions imposed upon them. In the interim we shall

hold in abeyance the pending Motion of Defendants.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1. Within ten (10) days of the entry of this Order, Plaintiffs shall pay the sanctioned amount of $5,034.34 to the Greenfield Township Sewer Authority.

2. At the expiration of the ten (10) day period, Defendants' counsel Harry T. Coleman, Esq. shall advise the Court as to the status of Plaintiffs' compliance with this Order.

3. A ruling on the Second Motion for Sanction Under Rule 11 (doc. 190) is DEFERRED.

                                                 s/John E. Jones III
                                                 John E. Jones III
                                                 United States District Judge